**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeffrey Alan Schenck,<br><br>    Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>    Respondents. | CIV 13-0776-PHX-GMS (MHB)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE G. MURRAY SNOW, UNITED STATES DISTRICT JUDGE:

    Petitioner Jeffrey Alan Schenck, who is confined in the Arizona State Prison Complex, South Unit, Florence, Arizona, has filed a *pro se* Petition for Writ of Habeas Corpus (hereinafter "habeas petition") pursuant to 28 U.S.C. § 2254 (Doc. 1). Respondents filed an Answer on July 17, 2013 (Doc. 12). On August 13, 2013, Petitioner filed a Reply (Doc. 13). 9

**BACKGROUND**

    On February 20, 2009, Petitioner was charged by indictment in the Superior Court of the State of Arizona with four counts of Molestation of a Child, Class 2 felonies and dangerous crimes against children. (Doc. 12-1, at 3.) The crimes charged were alleged to have occurred on four separate occasions against the same child under the age of 15. (Id.) Petitioner entered into a plea agreement with the State of Arizona on July 21, 2009, wherein Petitioner agreed to plead guilty to counts one and two, as amended to attempted molestation of a child, class 3 felonies and dangerous crimes against children, citing, in pertinent part,

sections 13-1001, 1410, and 604.01[1] of Arizona Revised Statutes. (Docs. 12-1, at 7; 12-2, at 103.) The plea agreement provided that the crime of attempted molestation of a child, as a dangerous crime against children, carried a presumptive sentence of 10 years, a minimum sentence of 5 years and a maximum sentence of 15 years, and that probation up to a life term in length could also be imposed. (Id.) The parties stipulated that Petitioner be sentenced to an aggravated term of 12-years in prison on count one, and lifetime probation on count two, and that the State of Arizona would dismiss counts three and four of the indictment. (Id.)

In the plea agreement, Petitioner agreed to waive and give up any "motions, defenses, objections, or requests which [Petitioner] has made or raised, or could assert hereafter, to the Court's entry of judgment [] and imposition of a sentence [] consistent with this agreement. [Petitioner] acknowledges that by entering this agreement he[] will have no right of direct appeal." (Doc. 12-1, at 8.) Petitioner also agreed to "judicial factfinding by preponderance of the evidence as to any aspect or enhancement of sentence." (Id.) Petitioner agreed in open court to the following facts in support of his guilty plea to amended counts one and two of the indictment:

> Both incidents occurred on or near Mesa Junior High in Mesa, Arizona. On February 9, 2009, Mr. Schenck knowingly molested or intentionally touched . . . a child under the age of 15 years, [E.H.], by touching - having sexual contact by touching her vagina or her private areas . . . over her clothing. And on February 9, 2011[2], in Mesa, Mesa Junior High, in Mesa, Maricopa County, [Petitioner] knowingly touched [E.H.], a child under the age of 15, touched her outer clothing, her vagina, her private areas, for sexual gratification, on both counts. ...[a]nd this is the same girl but two different dates, one February 9 and one February 11[.]

(Doc. 12-2, at 111.)

The court found that Petitioner's plea was knowingly, intelligently, and voluntarily made and accepted the plea agreement. (Id., at 112.)

---

[1]Renumbered as §13-705, Laws 2008, Ch. 97, §1, Ch. 195, §1, respectively.

[2]The reference to February 9, 2011, was in error, as evidenced by the correction that followed, and by the February 11, 2011 date charged in count two of the indictment.

- 2 -

Petitioner appeared for sentencing on August 24, 2009, and the trial court sentenced him in accordance with the terms of the plea agreement to 12-years imprisonment on count one, and lifetime probation on count two. (Docs. 12-1, at 26; 12-2, at 116.)

Petitioner timely filed his Notice of Post-Conviction Relief ("PCR") and was appointed counsel. (Doc. 12-1, at 32, 36.) Counsel thereafter filed a notice with the court that he had completed his review of the record and that he was unable to find any claims to raise in post-conviction proceedings. (Id., at 40.) The court then ordered counsel to remain in an advisory capacity and set a 45-day deadline for Petitioner to file a pro per PCR petition. (Id., at 43.) On August 4, 2010, Petitioner filed his PCR petition, raising five claims:

> (1) Petitioner was "denied the right to have all the elements of the crimes found in order to be sentenced pursuant to A.R.S. 13-604.01; Dangerous Crimes Against Children, in violation of [Petitioner]'s 6th Amendment rights of the U.S. Constitution and Art. 2 §3, 23 and 24 of the Arizona Constitution."
>
> (2) Petitioner "was denied the right not to be placed twice in jeopardy for the same offense, guaranteed by the 5th and 14th Amendments of the U.S. Constitution and Article 2 §3, 4 and 10 of the Arizona Constitution."
>
> (3) Petitioner "was denied the right to not be put twice in jeopardy pursuant to the 5th and 14th Amendments of the U.S. Constitution and Article 2 §3, 4 and 10 of th Arizona Constitution when he was convicted of and sentenced to a lesser and greater offense involving the same crime."
>
> (4) Petition "was denied the right to not be twice placed in jeopardy as guaranteed by the 5th and 14th Amendments of the U.S. Constitution and Article 2 §3, 4 and 10 of the Arizona Constitution."
>
> (5) Petitioner's "right not to be subjected to cruel and unusual punishment, guaranteed by the 8th Amendment of the U.S. Constitution and Article 2 §15 of the Arizona Constitution, was violated by the imposition of his sentence."

(Doc. 12-1, at 51-71.)

On November 23, 2010, the trial court dismissed Petitioner's PCR petition, finding that Petitioner "failed to show any colorable claim for relief pursuant to Rule 32.1 of the Arizona Rules of Criminal Procedure." (Doc. 12-2, at 3.) Petitioner filed a Motion for Reconsideration of the court's summary dismissal of his PCR petition, which was denied by the trial court. (Id., at 35.) Petitioner thereafter filed a Petition for Review in the Arizona Court of Appeals on March 11, 2011, raising the following four claims:

1. Petitioner's right to Due Process of law was violated when the State failed to allege, and the trial court failed to find, the "targeting" element necessary to enhance his sentence pursuant to A.R.S. §13-604.01.

2. Petitioner's right to Due Process of law was violated when, contrary to the legislative intent, his sentence was illegally enhanced pursuant to A.R.S. §13-604.01 which does not require an additional element beyond that needed to satisfy A.R.S. 13-1410.

3. Petitioner's right to Due Process of law was violated when the trial court lacked jurisdiction to enhance his sentence pursuant to A.R.S. §13-604.01 for an element of the offense not alleged in the original indictment.

4. Petitioner's right to Due Process of law was violated when he was subjected to cruel and unusual punishment.

(Doc. 12-2, at 37-54.)

On December 13, 2012, the Arizona Court of Appeals summarily denied review. (Id., at 73.)

Petitioner timely filed his habeas petition on April 18, 2013, advancing one ground for relief, that "[t]he trial court's finding that [Petitioner]'s Due Process Claim was not 'colorable' resulted in a decision contrary to Federal law as established by the Supreme Court of the United States." (Doc. 1, at 6.) Specifically, he asserts that "[t]he factual basis for the plea agreement failed to establish the necessary facts constituting the 'targeting' enhancement element for enhancing [Petitioner]'s sentence pursuant to A.R.S. §13-604.01. This failure violated the written terms of the plea agreement and [Petitioner]'s right to be sentenced according to the law in violation of Due Process under the 14th Amendment to the U.S. Constitution." (Id.)

Respondents urge the court to deny relief, arguing that Petitioner waived the right to challenge his sentence in his plea agreement, that he has not stated a cognizable claim, and alternatively, that his claim has no merit. (Doc. 12.)

**DISCUSSION**

Under Arizona law, a person commits the crime of molestation of a child by intentionally or knowingly engaging in or causing a person to engage in sexual contact, except sexual contact with the female breast, with a child who is under fifteen years of age, and is a class 2 felony. A.R.S. §13-1410. It is a class 2 felony punishable as a dangerous

- 4 -

1  crime against children, with a presumptive 17-year sentence. Because Petitioner plead guilty
2  to an attempted offense, it is a class 3 felony. A.R.S. §13-1001(C). Unless a specific
3  sentence is otherwise provided by statute, a class 3 felony carries a presumptive sentence of
4  3.5 years, which may be increased up to 8.75 years and decreased to a minimum of 2-years.
5  A.R.S. §13-702(D). The crime of attempted molestation of a child, however, is considered
6  a "dangerous crime against children in the second degree" and therefore subject to enhanced
7  punishment, and carries a presumptive sentence of 10-years, a minimum sentence of 5-years,
8  and a maximum sentence of 15-years. A.R.S.§13-604.01[3]. Petitioner claims that the factual
9  basis set forth on the record during his change of plea proceeding did not establish that his
10 conduct "targeted" the victim, and that such a finding was a necessary prerequisite for the
11 court to impose an enhanced sentence. He argues that, to activate the sentencing
12 enhancement as provided in section 604.01, something more than the age of the victim must
13 be found, and that "something more" has been defined by Arizona courts as conduct that is
14 focused on, directed against, aimed at, or targets a victim under the age of fifteen. (Doc. 1,
15 at 12.)

## APPEAL WAIVER

17  Respondents argue that, by the express terms of the plea agreement, Petitioner waived
18 his right to challenge his sentence. The relevant provisions read, in pertinent part, that
19 "[u]nless t[he] plea is rejected by the court or withdrawn by either party, the Defendant
20 hereby waives and gives up any and all motions, defenses, objections, or requests which
21 he/she has made or raised, or could assert hereafter, to the Court's entry of judgment against
22 him/her and imposition of a sentence upon him/her consistent with this agreement," that by
23 agreeing to enter into the plea agreement "defendant consents to judicial factfinding by
24 preponderance of the evidence as to any aspect or enhancement of sentence," and that by
25 pleading guilty defendant waives and gives up the "right to appeal." (Doc. 12-1, at 15.)
26 Petitioner initialed each of the paragraphs containing this language, and, by signing at the

---

[3]For ease of reference, former §13-604.01, now §13-705, will continue to be referred to as §13-604.01.

- 5 -

bottom, acknowledged that he had read and approved all previous paragraphs. (Id.) The trial court confirmed with Petitioner during the change of plea proceeding that he had read and understood all provisions of the plea agreement. (Doc. 12-2, at 108.)

The terms of plea agreements are controlled by principles of contract law. United States v. Sandoval-Lopez, 122 F.3d 797, 800 (9th Cir. 1997). If a plea agreement contains a waiver of the right to seek review of a claim and the waiver is knowingly and voluntarily made[4], then courts will enforce the waiver. See United States v. Rahman, 642 F.3d 1257, 1259 (9th Cir. 2011). "Under the parole evidence rule, a court looks to, and enforces, the plain language of the contract and does not look to 'extrinsic evidence ... to interpret ... the terms of an unambiguous written instrument.'" United States v. Nunez, 223 F.3d 956, 958 (9th Cir. 2000) (citations omitted). Respondents assert that, because the sentence Petitioner received was consistent with the terms of the plea agreement, the provision wherein Petitioner waived his right to appeal and to raise any and all objections to a sentence consistent with the agreement should be enforced and his habeas petition dismissed. Petitioner, in his Reply, argues that Respondents are in error, because the cases cited by Respondents are "inapposite because they all involve plea agreements which are governed by <u>federal</u> law, not <u>Arizona</u> law," and that "the Arizona Constitution and Arizona law expressly forbid any such waiver." (Doc. 13, at 2) (emphasis in original).

Petitioner is correct that a waiver of a right of direct appeal in state proceedings does not affect a defendant's right to seek collateral relief in post-conviction proceedings on certain enumerated basis, and that Petitioner's "appeal waiver" in his plea agreement can not be interpreted to deprive him of his right to seek collateral relief. See, Ariz.R.Crim.P. 32.1; Wilson v. Ellis, 176 Ariz. 121, 123; 859 P.2d 744, 746 (1993)(en banc). The authority he cites however, is not applicable, as Petitioner disregards the fact that he expressly agreed in his plea agreement to waive more than just his "appeal rights," but any and all "**motions, defenses, objections**, or requests which he/she has made or raised, or **could assert**

---

[4]Petitioner does not challenge the voluntariness of the waiver.

1 **hereafter**, to the Court's entry of judgment against him/her and **imposition of a sentence**
2 **upon him/her consistent with this agreement**." (emphasis added).  This language, while
3 not explicitly referencing a PCR proceeding, is comprehensive enough to apply to post-
4 conviction challenges to the judgment and sentence, and it is impossible to carve out from
5 this language a different understanding or interpretation.
6       Petitioner admitted during his change of plea proceedings sufficient facts to support
7 Petitioner's guilty pleas to the crime of attempted molestation of a child. (Doc. 12-2, at 111.)
8 Petitioner's sentence was also clearly consistent with the terms of the plea agreement.  To
9 the extent Petitioner challenges his judgment and sentence in this regard, the Court finds that
10 Petitioner waived any objection thereto.

11 <center>**CLAIMS COGNIZABLE IN HABEAS PROCEEDINGS**</center>

12       Respondents argue that Petitioner's claim that the sentencing enhancement was not
13 supported by a factual basis involves a violation of state law and is therefore not cognizable
14 in habeas proceedings.  See 28 U.S.C. §2254(a)(permitting a federal court to entertain a
15 habeas application only on the claims that petitioner is in custody in violation of the
16 Constitution or laws or treaties of the United States).  Respondents claim that Petitioner
17 asserts a "purported violation of Arizona Rule of Criminal Procedure 17.3, which requires
18 a factual basis for guilty pleas." (Doc. 12, at 10.)  "[T]he due process clause does not impose
19 on a state court the duty to establish a factual basis for a guilty plea absent special
20 circumstances."  Rodriguez v. Ricketts, 777 F.2d 527, 528 (9th Cir. 1985) (collecting cases).
21 A special circumstance might be "a defendant's specific protestation of innocence."  Id.
22 "Unless a plea is accompanied by protestations of innocence or other 'special circumstances,'
23 the Constitution does not require state judges to find a factual basis."  Loftis v. Almager, 704
24 F.3d 645, 648 (9th Cir. 2012) (citing Rodgriguez, 777 F.2d at 528).
25       Petitioner claims that the trial court did not have jurisdiction to sentence him because
26 his guilty plea lacked a factual basis for all essential elements of the crime charged.  (Doc.
27 1, at 11, 13.)  In support of his claim, Petitioner cites McCarthy v. U.S., 394 U.S. 467, 471
28 (1969) ("[A] judge must determine that 'the conduct which the defendant admits constitutes

1 the offense charged in the indictment or information or an offense included therein to which
2 the defendant has pleaded guilty.' Requiring this ... is designed to 'protect a defendant who
3 is in the position of pleading voluntarily with an understanding of the nature of the charge
4 but without realizing that his conduct does not actually fall within the charge.'") (citing
5 Fed.R.Crim.P. 11, Notes of Advisory Committee on Criminal Rules); see Hayes v.
6 Kincheloe, 784 F.2d 1434, 1439 (9th Cir. 1986), cert. denied, 484 U.S. 871 (1987) (guilty
7 plea was involuntary when defendant does not possess an understanding of the law in relation
8 to the facts).

9 The Court finds these cases inapplicable here, as Petitioner does not assert that he was
10 unaware of the elements of the crime to which he plead, or claim that he did not admit
11 sufficient facts to support a finding of guilt on the charges. The gravamen of Petitioner's
12 complaint is that the facts used to enhance his sentence were not found by the trial court, in
13 violation of Petitioner's right to Due Process of law under the 14th Amendment to the U.S.
14 Constitution, and the holding of the U.S. Supreme Court in Apprendi v. New Jersey, 530
15 U.S. 466 (2000).[5]

**ENHANCED SENTENCE**

17 At the outset, Petitioner concedes that he waived, in his plea agreement, his right to
18 have a jury determine any facts used to enhance his sentence, but, because in his plea
19 agreement he consented to "judicial factfinding by a preponderance of the evidence as to any
20 aspect or enhancement of sentence," the failure of the trial court to find the "targeting"
21 element of the offense supporting the enhancement "deprived the trial court of jurisdiction
22 to impose an enhanced sentence." (Doc. 1, at 13.)

23 In State v. Williams, the Arizona Supreme Court held that to activate the special
24 sentencing provisions of A.R.S. §13-604.01, there must be a finding that the offense conduct
25 "focused on, directed against, aimed at, or targeted a victim under the age of fifteen." 175
26 Ariz. 98, 99; 854 P.2d 131, 132; (1993). Arizona courts have applied Apprendi when a

---

[5] Petitioner also cites Braxton v. U.S. 500 U.S. 344, 349 (1991) (fact supporting the more serious offense must be "specifically established" on the record).

- 8 -

1 defendant faces an enhanced sentence for any enumerated crime under A.R.S. §13-604.01.
2 State v. Miranda-Cabrera, 99 P.3d 35, 41; 209 Ariz. 220, 226 (App. 2004).  Although the
3 appeal waiver language of Petitioner's plea agreement spells out that Petitioner agreed to
4 waive his right to object to a sentence consistent with the plea agreement (here, Petitioner
5 received the 12-years in prison he bargained for), that language is interwoven with the
6 agreement to judicial factfinding.[6]  Thus, while Petitioner waived some of his rights, by the
7 plain language of the plea agreement he retained his right to judicial factfinding by a
8 preponderance of the evidence as to any enhancement of his sentence.

9 The U.S. Supreme Court in Blakely v. Washington held that "[w]hen a defendant
10 pleads guilty, the State is free to seek judicial sentence enhancements so long as the
11 defendant either stipulates to the relevant facts or consents to judicial factfinding."  542 U.S.
12 296, 310 (2004).  Here, although Petitioner consented to judicial factfinding, Petitioner
13 argues that the trial court did not place on the record her factfinding as to the enhancement
14 of sentence.

15 Thus, the question presented becomes: is the failure of the court to make factual
16 findings to support a sentence enhancement in the context of a plea agreement a violation of
17 the Constitution or any law or treaty of the United States?  Generally, in the context of a
18 guilty plea, the United States Constitution does not require a trial court to obtain a factual
19 basis, "unless a plea is accompanied by protestations of innocence or other 'special
20 circumstances.'" Loftis, 704 F.3d at 648 (finding claim that trial court failed to find factual
21 basis for no contest plea, which was unaccompanied by protestations of innocence, did not
22 "present a constitutional issue cognizable under 28 U.S.C.§ 2254").  With respect to his claim
23 that the trial court failed to obtain a factual basis to support an enhanced sentence, Petitioner

---

[6]Respondents argue that Petitioner waived his right to appeal his sentence based on Apprendi/Booker grounds, and that waiver is enforceable. U.S. v. Cortez-Arias, 425 F.3d 547, 548 (9th Cir. 2005). That stands to reason, "[a]bsent some indication that the parties intended otherwise." U.S. v. Rubbo, 396 F.3d 1330, 1335 (11th Cir. 2005). Here, arguably the language in the plea agreement suggests the parties intended otherwise.

- 9 -

1  makes no claim that he is innocent or present any special circumstance to undermine the
2  applicability of the enhancement.

3  On the contrary, Petitioner plead guilty to 2 counts of an indictment, charges that
4  included the statutory enhancement, §13-604.01. (Doc. 12-1, at 7.) Although Petitioner plead
5  guilty to amended charges, the enhancement provision was applicable to the amended
6  offense, as set forth in the guilty plea section of Petitioner's plea agreement. (Id.) The listed
7  sentencing range for the offense also reflected the enhancement. Furthermore, Petitioner was
8  represented by counsel.   The trial court also advised Petitioner that he was pleading guilty
9  to "dangerous crimes against children in the second degree." (Doc. 12-2, at 106.)  Clearly,
10 Petitioner was put on notice of the applicability of the sentencing enhancement to his guilty
11 plea.

12 Even assuming, arguendo, that there was Constitutional error in the trial court's failure
13 to place on the record its factfinding as to the enhancement of sentence, the error entitles
14 Petitioner to relief only if the error is not harmless. Apprendi errors are subject to harmless
15 error analysis. See Washington v. Recuenco, 548 U.S. 212, 218-22 (2006).  An error is
16 harmless if the court finds beyond a reasonable doubt that the result would have been the
17 same absent the error. United States v. Zepeda-Martinez, 470 F.3d 909, 913 (9th Cir. 2002)
18 (en banc) (citation omitted); see also,  Walker v. Martel, 709 F.3d 925, Fn 4 (9th Cir. 2013)
19 (even if the requirements of 28 U.S.C. §2254(d) are satisfied, habeas relief nevertheless
20 requires a further showing of actual prejudice).

21 Ample evidence existed in the record for the trial court to find facts supporting the
22 enhancement of Petitioner's sentence.  Petitioner was a 34-year old junior high school
23 teacher and the victim was one of his 14-year old students. (Doc. 12-1, at 10-12; Doc. 21-2,
24 at 126-29.) Petitioner admitted that both incidents involved the intentional touching of the
25 14-year old victim's private parts for sexual gratification, and at least one of the incidents
26 occurred in the classroom. (Doc. 12-1, at 111; Doc. 12-1, at 10.) Petitioner's actions clearly
27 were "focused on, directed against, aimed at, or targeted a victim under the age of fifteen."
28 Williams,  854 P.2d at 132; 175 Ariz. at 99.

- 10 -

1   Additionally, as the Arizona Supreme Court has observed, "[a]s a practical matter, the
2   question of whether the child victim is the target of the defendant's criminal conduct will
3   rarely be an issue given the nature of the crimes listed in A.R.S. §13-604.01. It is impossible
4   to imagine how sexual assault, *molestation*, sexual conduct, commercial sexual exploitation,
5   child abuse, kidnapping, sexual abuse, taking a child for the purpose of prostitution, child
6   prostitution, and involving or using minors in drug offenses could be committed without
7   targeting minors." Williams, 175 Ariz. at 103, 854 P.3d at 136-37 (emphasis added). In
8   State v. Sepahi, the Arizona Supreme Court held that the defendant's intent to shoot the
9   victim, who happened to be a minor, was sufficient to constitute a dangerous crime against
10  children. 206 Ariz. 321, 324; 78 P.3d 734, 735 (2003); see also Miranda-Cabrera, 209 Ariz.
11  at 220 (defendant convicted of second-degree murder in death of child - sentence properly
12  enhanced when defendant lead family, including child, into desert and abandoned them).
13  This Court finds beyond a reasonable doubt that the result in Petitioner's case would
14  have been the same absent any error by the trial court with regard to its judicial factfinding,
15  considering the facts in the record supporting the enhanced sentence, the notice to Petitioner
16  that the enhancement would be applicable, and the stipulation to the enhanced sentence.

## CONCLUSION

18  Petitioner waived in his plea agreement his right to challenge his judgment and
19  sentence; Petitioner consented to judicial factfinding of any facts used to enhance his
20  sentence; and, any error on the part of the trial court with regard to its judicial factfinding is
21  harmless beyond a reasonable doubt. The Court will therefore recommend that Petitioner's
22  Petition for Writ of Habeas Corpus be denied and dismissed with prejudice.

23  **IT IS THEREFORE RECOMMENDED** that Petitioner's Petition for Writ of
24  Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** and **DISMISSED WITH**
25  **PREJUDICE**.

26  **IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave
27  to proceed *in forma pauperis* on appeal be **DENIED** because Petitioner has not made a
28  substantial showing of the denial of a constitutional right and because the dismissal of the

1 Petition is justified by a plain procedural bar and jurists of reason would not find the
2 procedural ruling debatable.

3 This recommendation is not an order that is immediately appealable to the Ninth
4 Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of
5 Appellate Procedure, should not be filed until entry of the district court's judgment. The
6 parties shall have fourteen days from the date of service of a copy of this recommendation
7 within which to file specific written objections with the Court. <u>See</u> 28 U.S.C. § 636(b)(1);
8 Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen
9 days within which to file a response to the objections. Failure timely to file objections to the
10 Magistrate Judge's Report and Recommendation may result in the acceptance of the Report
11 and Recommendation by the district court without further review. <u>See</u> <u>United States v.</u>
12 <u>Reyna-Tapia</u>, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any
13 factual determinations of the Magistrate Judge will be considered a waiver of a party's right
14 to appellate review of the findings of fact in an order or judgment entered pursuant to the
15 Magistrate Judge's recommendation. <u>See</u> Rule 72, Federal Rules of Civil Procedure.

16 DATED this 17th day of December, 2013.

*Michelle H. Burns*
Michelle H. Burns
United States Magistrate Judge